UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRIS GILBERT,

    Plaintiff,

v.                                          CASE NO. 3:09-CV-01117-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Court's September 22, 2010 Order (Doc. 23), providing that "each party may file a memorandum of law . . . addressing the issue whether this case should be stayed or abated (including possible administrative closure) pending the decision of the Appeals Council whether to grant Plaintiff's requested extension to file suit." Each party filed a response to that Order. (*See* Docs. 25 & 26.)

Plaintiff's response provides, *inter alia*, that Plaintiff's counsel has faxed the request for extension of time to Court Case Branch Three of the Social Security Administration and is awaiting a response. (Doc. 25.) Plaintiff requests that the Court hold this case in abeyance pending a response from the Appeals Council of the Social Security Administration. (*Id.*) The Commissioner's response provides that the case should be dismissed because "[a]fter a complaint is filed with the district court, the Agency no longer has jurisdiction over a case" and, consequently, "the Appeals Council cannot rule on the request."[1] (Doc. 26.)

The Commissioner's assertion that the Appeals Council has no jurisdiction merely

---

[1] The Commissioner also contends that even if the Appeals Council has jurisdiction, it will not grant the request because Plaintiff did not provide good cause for missing the deadline. (Doc. 26.) However, the Commissioner's prediction is not binding on the Appeals Council.

because the Complaint was filed before the request for extension to the Appeals Council rather than after, is not supported by any citation to legal authority.  Moreover, it appears to make no sense.  If that were the case, then it would follow that even if a request for extension is filed before a complaint, the Appeals Council would lose jurisdiction once a complaint is filed.  However, in a recent similar case, the Appeals Council granted a request for extension while the complaint in that case was pending.  *See Werner v. Comm'r of Soc. Sec. Admin.*, 3:10-CV-00106-J-JBT (M.D. Fla. Oct. 7, 2010).  Thus, whether a complaint is filed before or after a request for extension should not be determinative, and appears to be a distinction without a difference.

Moreover, if the Appeals Council believes it has no jurisdiction, there appears no reason why it cannot issue a response denying the request on that basis.  The Commissioner's assertion that the Appeals Council simply will not act also makes little sense.  If a court were to take that approach, it would never dismiss a case for lack of subject matter jurisdiction.  It would just let the case sit in limbo while it sits silent.  It is hard to fathom this is the Appeals Council's procedure.

Finally, if the Commissioner's position was correct, it might require the Court to dismiss the case in order for the Appeals Council to act.  The Appeals Council might then grant the requested extension up through November 13, 2009, the date the Complaint was filed in this case.  However, that extension might do Plaintiff little good since there would be a judgment dismissing the case. Plaintiff would have to move to set aside the judgment. *See Britton v. Comm'r of Soc. Sec.*, 2008 WL 591044 (M.D. Fla. Feb. 28, 2008).  This procedural maneuvering appears wholly unnecessary and wasteful.

To the extent it is necessary for this Court to relinquish jurisdiction over the case so

that the Appeals Council can rule on Plaintiff's request, the Court will do so for this limited purpose for a period of six months or until further order of this Court, whichever is earlier.

Accordingly, it is **ORDERED**:

1. This action is **STAYED** and the Clerk of Court is **DIRECTED** to administratively close the case.

2. The Court continues to take Defendant's Motion to Dismiss or In the Alternative Motion for Summary Judgment (Doc. 10) under advisement.[2]

3. **By May 2, 2011, or within thirty (30) days** of receiving a response to the request for extension by the Appeals Council, whichever is earlier, each party shall file a status report advising the Court of any ruling entered by the Appeals Council, or the lack thereof.

4. To the extent it is necessary for this Court to relinquish jurisdiction over the case so that the Appeals Council can rule on Plaintiff's request, the Court hereby relinquishes jurisdiction for this limited purpose for a period of six months or until further order of this Court, whichever is earlier.

**DONE AND ORDERED** at Jacksonville, Florida, on November 2, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record

---

[2] This Motion was initially taken under advisement on July 14, 2010. (*See* Doc. 17.)

3