UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRIS GILBERT,

    Plaintiff,

v.                                                          CASE NO. 3:09-cv-1117-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits ("DIB"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is due to be **AFFIRMED**.

### I. Issues on Appeal and Summary of Decision

As framed by Plaintiff, there are three arguments on appeal. First, Plaintiff argues that the Administrative Law Judge ("ALJ") "erred by not defining all the limitations in the hypothetical." (Doc. 36 at 5.) Second, Plaintiff argues that the term "very slow" as used by the ALJ in reference to Plaintiff's fine dexterity in his non-

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 13 & 14.)

1

dominant hand, is unclear, and was likely misunderstood by the vocational expert ("VE"). (*Id.* at 7-9.) Third, Plaintiff argues that "[p]ain must have been present" and that the ALJ failed to include the impact of pain in posing the hypothetical question to the VE. (*Id.* at 9.)

The Court upholds the ALJ's decision and rejects all three asserted grounds for reversal. Regarding the first issue, Plaintiff fails to identify what other limitations the ALJ should have included in the hypothetical and the residual functional capacity ("RFC") assessment, other than those discussed in connection with the second and third issues. Further, Plaintiff did not satisfy his burden to prove any limitations not included by the ALJ. As to the second issue, the Court rejects the argument that the VE must have misunderstood the term "very slow." There is no support in the record for this speculation. Finally, Plaintiff failed to prove that he was limited by pain. Substantial evidence supports the ALJ's hypothetical question and his RFC assessment based thereon.

## II. Procedural History and Summary of the ALJ's Decision

On March 14, 2007, Plaintiff protectively filed an application for a Period of Disability and DIB, alleging he became disabled on February 28, 2007. (Tr. 14, 81-83.) The Social Security Administration ("SSA") denied this application initially and on reconsideration. (Tr. 35-39, 40-42, 44-45.) Plaintiff amended his application on May 4, 2009, alleging disability from February 28, 2007 through August 2008. (Tr. 14.) Plaintiff then requested and received a hearing before the ALJ on May 8, 2009,

during which he was represented by an attorney. (Tr. 22-33, 47-48, 60-74.) Plaintiff and Robert C. Bradley, VE, appeared and testified at the hearing. (Tr. 22-33.)

On July 1, 2009, the ALJ issued his decision, finding Plaintiff not disabled and denying his claim. (Tr. 14-21.) The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 16.) At step one, the ALJ found Plaintiff had not engaged in any substantial gainful activity from February 28, 2007 through August 2008. (*Id.*) At step two, the ALJ determined that Plaintiff had "the following severe impairment: status post right brachial plexus injury." (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17.)

The ALJ then determined that Plaintiff had the RFC "to perform light work." (*Id.*) The ALJ imposed the following limitations:

> [T]he claimant was restricted to no use of his right dominant arm. With his left arm, the claimant was able to lift or carry twenty pounds occasionally and could lift or carry ten pounds frequently. In addition, with his left arm the claimant was limited to writing and keyboarding very slowly.[2]

---

[2] The ALJ's hypothetical question to the VE, based on the RFC assessment, provided:
> I want you to assume an individual 28 years old, with the work background and education as testified to by the claimant. I want you to assume that the only limitation would be no use of the right dominant arm. In terms of lifting, we'll assume for the hypothetical that just using the left arm the individual could lift up to 20 pounds occasionally, 10 pounds frequently. I want you to also assume that because the [sic] only uses of [sic] the left non-dominant arm, that things that require substantial fine dexterity like writing or

(Tr. 18.)

Next, at step four, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (Tr. 20.) The ALJ then found that considering Plaintiff's age of twenty-five on the alleged disability onset date, Plaintiff would be defined as a younger individual under 20 C.F.R. § 404.1563. (*Id.*) He also determined that Plaintiff had at least a high school education and was able to communicate in English. (*Id.*)

At step five, based on the VE's testimony and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 20-21.) The ALJ noted the VE testified that an individual in Plaintiff's position would be able to perform the requirements of such representative occupations as apparel stock checker, ticket taker, and surveillance system monitor. (Tr. 21.) Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from February 28, 2007 through August 2008. (*Id.*)

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on September 2, 2009. (Tr. 5-7.) Accordingly, the ALJ's July 1, 2009 decision is the final decision of the Commissioner. On

---

keyboarding would be very slow.
(Tr. 32.)

November 13, 2009, Plaintiff timely filed his Complaint in this Court. (Doc. 1.)[3]

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520.  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the

---

[3] Defendant initially contested the timeliness of the filing of the complaint (*see* Doc. 10), but withdrew that argument when the Appeals Council granted an extension up to November 13, 2009, for the filing of the complaint (*see* Docs. 30-1 & 32).

conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'")

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam.) "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560, *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings.)

## IV.    Summary of Relevant Evidence[4]

Plaintiff was involved in a motorcycle accident, resulting in multiple injuries, some of which were life-threatening, including traumatic brain injury, multiple bone fractures, and brachial plexus injury. (*See, e.g.*, Tr. 182, 184, 245, 280.) He was hospitalized at Shands Jacksonville ("Shands") for these injuries from March 1, 2007

---

[4] The Court focuses on Plaintiff's physical, rather than mental, condition because this appeal concerns Plaintiff's complaints of physical pain and limitations. Plaintiff's proposed mental impairments were determined to be non-severe. (Tr. 16-17.)

through May 10, 2007.  (Tr. 181-277, 279-324, 392.)  From May 10, 2007 through May 30, 2007, Plaintiff received in-patient rehabilitation treatment at Brooks Rehabilitation Hospital ("Brooks").  (Tr. 326-32, 350.)

Following these two hospitalizations, Plaintiff continued to experience loss of sensation and movement in his right arm, which left him with no functional use of that arm.  (Tr. 335, 344, 356, 384-85, 392.)  Plaintiff reported no problems with his left arm or legs (*see, e.g.*, Tr. 384, 392), and on several occasions denied having pain anywhere in his body (*see* Tr. 350 (stating that Plaintiff denied "having any pains anywhere in the body" during a June 5, 2007 follow-up visit at Pulmonary & Critical Care Consultants of Jacksonville, P.L.), 392 (denying "any pain whatsoever" at his August 6, 2007 examination at Shands)).  On February 13, 2008, Plaintiff underwent surgery at St. Luke's Hospital ("St. Luke's"), consisting of multiple nerve transfers.  (Tr. 394-96.)  Following this surgery, there was no "indication of obvious nerve recovery or any obvious function recovery of shoulder or elbow."  (Tr. 397.)

**V.   Analysis**

    **A.   The ALJ's Hypothetical Question Is Supported by Substantial Evidence**

Plaintiff argues that the ALJ failed to define all of Plaintiff's limitations in the hypothetical question submitted to the VE.  *See, e.g.*, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical

question which comprises all of the claimant's impairments."). However, Plaintiff does not explicitly identify what specific limitations the ALJ should have defined, other than those discussed in connection with the second and third issues. (Doc. 36 at 5-7.) To the extent that Plaintiff is arguing that the ALJ should have included additional limitations in his hypothetical question, e.g., that his balance was impacted, Plaintiff has failed to point to medical evidence that any such condition(s) affected his RFC. It is Plaintiff's burden to prove disability at steps one through four of the five-step evaluation process. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a), (c); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Plaintiff's unsupported argument is insufficient to show that the ALJ's hypothetical question was not supported by substantial evidence. Thus, affirmance is required on this issue.

### B.     There Was No Evidence of Misunderstanding by the VE

Plaintiff's second argument is that the VE must have misunderstood the hypothetical question. The ALJ found that "things that require substantial fine dexterity like writing or keyboarding would be very slow" with regard to Plaintiff's left hand. (Tr. 32.) The ALJ explained that the reason for this limitation was simply because Plaintiff was right-handed and could no longer use his right arm. (Tr. 18-19, 32.) Thus, Plaintiff had to use his non-dominant hand to write and perform other functions. (Tr. 18-20.) The ALJ included this limitation in his hypothetical question to the VE. (Tr. 32.)

There is no evidence that the VE was confused by this limitation. Plaintiff attempts to broaden this limitation to include "reaching, fingering, handling and touching." (Doc. 36 at 7.) From there, he argues that Plaintiff must not have been able to do any job that required "frequent" doing of any of the above functions because Plaintiff must have been too slow to do them. (*Id.* at 7-8.) He then invites the Court to second-guess the VE on the assumption that the VE must have misunderstood the limitation, and specifically the term "very slow." (*Id.* at 8-9.) For the following reasons, the Court declines to do so.

First, there is no evidence in the hearing transcript or elsewhere in the record that the VE misunderstood the limitation. (Tr. 32-33.) Further, the ALJ made no suggestion that the phrase "very slow" should be considered in terms of reaching.[5] Moreover, even regarding handling or fingering, the ALJ limited the restriction to include only tasks that require substantial fine dexterity, such as writing and keyboarding.[6] Furthermore, considering that the term "frequent" does not include a speed requirement, the Court is unpersuaded that jobs requiring "frequent" reaching, handling, fingering, or touching, should have been eliminated by the VE because Plaintiff must have been too slow to perform them. *See* SSR 83-10 (defining

---

[5] "Reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction." (Doc. 36-1 at 2.)

[6] "Handling" is defined as "[s]eizing, holding, grasping, turning, or otherwise working with hand or hands" and "[f]ingers are involved only to the extent that they are an extension of the hand." (Doc. 36-1 at 2.) "Fingering" is defined as "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm as in handling." (*Id.*)

frequent as "occurring from one-third to two-thirds of the time"). *Cf. Jarrett v. Comm'r of Soc. Sec.*, 2011 WL 1378108, *2-3 (11th Cir. Apr. 11, 2011) (per curiam) (upholding the ALJ's hypothetical questions, which did not include "a specific time limitation on [plaintiff's] ability to concentrate" and, instead, asked the VE to assume an individual who, *inter alia*, "could only 'understand, remember, [and] carry-out simple ... tasks and concentrate for brief periods of time'"). In addition, the VE testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 33.) Plaintiff presented no cross-examination or contrary evidence. (*Id.*) Therefore, based on the foregoing, the ALJ's hypothetical question is supported by substantial evidence.

### C.     Impact of Pain

Plaintiff next argues that the ALJ erred in not including the impact of pain in his hypothetical question. (Doc. 36 at 9.) Plaintiff argues that "[p]ain must have been present because [Plaintiff] underwent a surgery in February 2008 to relieve some of the pain and to improve function of the [right] arm." (*Id.*) The Court rejects this argument for a number of reasons.

First, there is substantial evidence contrary to this argument. Plaintiff's medical records indicate that the purpose of the aforementioned surgery was to regain some function and feeling in the right arm, not to alleviate pain as Plaintiff contends. (*See* Tr. 397 (finding no "indication of obvious nerve recovery or any obvious function recovery of shoulder or elbow"). *Cf.* Tr. 392 (stating that Plaintiff

10

"denied any pain whatsoever" during an earlier examination by Dr. Michael Pulley).)

Even assuming that some pain may have been present, Plaintiff fails to suggest in what manner the ALJ should have included pain in his RFC assessment, i.e., how pain specifically impacted his functioning. *See Ingram v. Comm'r of Soc. Sec. Amin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (stating that "a hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant" and that the ALJ did not err because the conditions he omitted "were either not supported by [plaintiff's] medical records or were alleviated by medication") (internal citations omitted). It is Plaintiff's burden to prove that his pain is disabling. *See, e.g.*, *Moore*, 405 F.3d at 1211 (stating that plaintiff carries the burden of proof through step four of the five-step evaluation process). Neither Plaintiff's hearing testimony nor other substantial evidence indicates that Plaintiff is functionally limited by pain. (*See, e.g.*, Tr. 24-31.)

Moreover, Plaintiff's own testimony at the hearing undercuts this argument. Plaintiff testified that he "probably could have" worked during the period of time in question and that his right arm pain was "more so at night" and "when the weather changes." (Tr. 28-30.) Therefore, based on the foregoing, substantial evidence supports the ALJ not including any specific functional limitations as a result of pain in his hypothetical question. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (stating "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Accordingly, affirmance on this issue is required.

### VI.   Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on appropriate legal standards and are supported by substantial evidence.  Based on these standards, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED.**

2. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on August 4, 2011.

*[signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record